UNITED STATES BANKRUPCTY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IN RE:

It's a MishMash Creamery, Inc.,                              CHAPTER 11
                                                             CASE#

DEBTOR

-----------------------------------------------------------X

## APPLICATION FOR AUTHORITY TO RETAIN
## MEISTER SEELIG AND FEIN, LLP AS COUNSEL TO THE DEBTOR

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

It's a MishMash Creamery, Inc., the above-captioned debtor an debtor-in-possession (the "Debtor"), submits this application (the "Application") in support of an Order, pursuant to §327 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), granting the Debtor the authority to retain MEISTER SEELIG AND FEIN, LLP (MSF) as its counsel, *nunc pro tunc* to December 5 , 2009, and respectfully represents as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court of the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.). Consideration of the Application is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is

proper before this Court pursuant to 28 U.S.C.§1409. The statutory predicated for the relief sought herein are §327 (a) of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND

2. On December 5, 2009 (the "Petition Date"), the Debtor filed a voluntary Petition for relief under Chapter 11 of the Bankruptcy Code and, thereafter, continued to operate its business and manage its property as a debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

3. The immediate cause of the Debtor's Chapter 11 filing was the Debtors principals filing their affiliated chapter 13 case under the Joint filing caption of Aaron and Karin Tzamarot. The debtor and its related debtor-principals have significant claims against coldstone creamery whose statutes of limitations will expire on or about December 7, 2009. The Debtor operated a Cold Stone Creamery ice cream store in New Rochelle New York which is not operating.

4. As a result of its Chapter 11 filing the Debtor believes that it will be able to pursue causes of action against cold stone creamery( it's franchisor) that has breached it implied duty of good faith and fair dealing to satisfy its creditors as well as the creditors of the related chapter 13 filing.

## RETENTION OF MSF

5. During the pendency of the Chapter 11 case, the Debtor will require experienced Bankruptcy Counsel to, *inter alia*:

(a) advise the Debtor with respect to its rights and duties as a debtor-in-possession;

(b) assist and advise the Debtor in the preparation of its financial statements, schedules of assets and liabilities, statement of financial affairs and other reports and documentation required pursuant to the Bankruptcy Code and the Bankruptcy Rules;

(c) represent the Debtor at all hearings and other proceedings relating to its affairs as a Chapter 11 debtor;

(d) prosecute and defend litigated matters that may arise during this Chapter 11 case;

(e) assist the Debtor in the formulation and negotiation of a plan of reorganization and all related transactions;

(f) assist the Debtor in connection with the finalization, Court approval and consummation of either the sale or, alternatively, renegotiation of its lease;

(g) assist the Debtor in analyzing the claims of creditors and equity interests and in negotiating with such creditors and interest holders;

(h) prepare any and all necessary motions, applications, answers orders, reports and papers in connection with the administration and prosecution of the Debtor's Chapter 11 case; and

(i) perform such other legal services as my be required and/or deemed to be in the interest of the Debtor in accordance with its powers and duties as set forth in the Bankruptcy Code.

6. After due deliberation, the Debtor has determined that the interests of the Debtor and its creditors would best be served by the retention of MSF as counsel to the Debtor to render such legal services as may be necessary and appropriate in connection with this Chapter 11 case. The Debtor submits that MSF possesses extensive knowledge and expertise in the areas of law

relevant to the Chapter 11 case, and that MSF is well qualified to represent the Debtor in these proceedings.

7. Except as specifically set forth in the annexed affidavit of Lawrence F. Morrison, MSF is not connected with the Debtor, its creditors, other parties-in-interest or the Office of the U.S. Trustee. Further as set forth in the Morrison Affidavit, MSF does not, by way of any direct or indirect relationship to, connection with or interest in the Debtor, hold or represent any interest materially adverse to the Debtor, its estate, or any class of creditors or equity holders of the Debtor with respect to the matters upon which it is to be engaged. Accordingly, the Debtor believes that MSF is a "disinterested person" within the meaning of §§101(14) and 327 of the Bankruptcy Code.

8. Because the full extent and nature of the legal services to be rendered are unknown at this time, the Debtor believes that the employment of MSF under a general retainer is appropriate and in the best interests of the Debtor, its estate, creditors and equity holders. MSF has indicated its willingness and desire to serve as counsel to the Debtor and to render the legal services necessary as attorneys for the Debtor.

9. MSF has agreed to make appropriate applications to this Court for compensation and reimbursement of expenses as required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") and the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases. MSF is willing to be retained by the Debtor as its counsel and will bill at his normal hourly rates, which are $450.00 per hour, $220 to $595 for other attorneys in the firm and $175.00 to $250.00 per hour for

paraprofessionals. These rates may be subject to adjustment from time to time. MSF will also seek reimbursement for all out-of-pocket disbursements.

10. MSF received a retainer for $7,000.00 inclusive of the filing fee from a third party. A proposed Order authorizing the retention of MSF is attached an Exhibit "A".

11. Due to the exigencies of this case, and in order to protect the interests of the Debtor, the Debtor requested that MSF commence work immediately. MSF began rendering services to the Debtor on or about December 5, 2009. Accordingly, the Debtor requests that MSF's retention be approved *nunc pro tunc* to December 5, 2009 (the Petition Date).

12. This application does not raise any novel issues of law and, accordingly, the Debtor respectfully requests that the requirement under Local Rule 9013-1(b) for the submission of a memorandum of law be waived.

13. No previous application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtor respectfully requests that an order be entered authorizing it to retain MSF as its counsel in this proceeding on a general retainer, and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 5, 2009

                                   It's a MishMash Creamery, Inc.,
                                   d/b/a Cold Stone Creamery

                                   By: Aaron Tzamarot
                                   President

UNITED STATES BANKRUPCTY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

It's a MishMash Creamery, Inc.,                            CHAPTER 11

Debtor
-----------------------------------------------------------X


**AFFIDAVIT OF LAWRENCE F. MORRISON IN SUPPORT OF APPLICATION FOR AUTHORITY TO RETAIN**
<u>**MEISTER SEELIG AND FEIN LLP AS COUNSEL TO THE DEBTOR**</u>

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK   )

LAWRENCE F. MORRISON, being duly sworn, deposes and says:

1. I am an attorney admitted to practice before this Court, I am a partner with Meister Seelig and Fein, LLP ("MSF") and maintain an offices for the practice of law at 140 EAST 45th Street, New York, NY 10017 . I am familiar with the matters set for the herein, and make this affidavit in support of the application of. it's a MishMash Creamery, Inc., the above-captioned debtor and debtor-in-possession (the "Debtor"), for authority to retain MSF as counsel, *nunc pro tunc* to December 5, 2009, to the Debtor under a general retainer.

2. I have reviewed MSF's current and past clients and have compared them to the schedules and lists provided by the Debtor of: (i) its twenty largest creditors as set forth in its petition; (ii) its secured creditors as set forth in the petition; and (iii) the Debtor's equity holders. To the best of my knowledge and based upon MSF's due inquiry, MSF does not and has not, represented any of the parties related to the Debtor, its creditors and other parties-in-interest. MSF has not, does not, and will not represent such entities, or any of its respective affiliates or

subsidiaries, in matters related to these cases. Except MSF represents the Debtors principals Aaron and Karin Tzamarot in a related chapter 13 case but submits that this is not an adverse interest.

3. Although MSF has attempted to identify all such representations, it is possible that MSF may have represented certain of the Debtor's creditors or other entities that consider themselves parties-in-interest in matter unrelated to this Chapter 11 case.

4. To the best of my knowledge and information, formed after a reasonable inquiry, neither MSF nor any member or attorney thereof holds nor represents any interest adverse to the Debtor or its estate. Based upon all of the foregoing, I believe the MSF is a "disinterested person" within the meaning of §101(14) of Title 11, United States Code (the "Bankruptcy Code").

5. No agreement exists to share any compensation received by MSF for its services with any other person or firm. No promises have been received by MSF or by any member or associate thereof as to compensation in connection with this case other than in accordance with the provisions of this Bankruptcy Code.

6. MSF is willing to be retained by the Debtor as its counsel and will bill at its normal hourly rates, which are $450.00 per hour for my services, $220 to $595 for other attorneys in the firm and $175.00 to $250.00 per hour for paraprofessionals these rates may be subject to adjustment from time to time. MSF will make appropriate applications to this Court for compensation and reimbursement of expenses as required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules.

7. MSF received a $7,000.00 pre-petition retainer inclusive of the filing fee by a third party in this case I will seek court approval for all fees and disbursements in this case.

_____
LAWRENCE MORRISON

Sworn to before me this 5th

day of December , 2009

_____
Notary Public, State of New York

BROOK D. D. BOYD
Notary Public, State of New York
No. 30-4722711
Qualified in Nassau County
Commission Expires March 30, ~~19~~ 2010

*EXHIBIT "A"*

UNITED STATES BANKRUPCTY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IN RE:

It's a MishMash Creamery, Inc.,                  CHAPTER 11
d/b/a Cold Stone Creamery                     CASE#

DEBTOR

-----------------------------------------------------------X

## ORDER AUTHORIZING RETENTION OF
## MESITER SEELIG AND FEIN LLP, AS COUNSEL TO THE DEBTOR

Upon the annexed application (the "Application") of It's a MishMash Creamery, Inc., the above-captioned debtor and debtor-in-possession (the "Debtor"), for authority to retain Meister Seelig and Fein, LLP ("MSF") as counsel to the Debtor under a general retainer, *nunc pro tunc* to December 5, 2009 and upon the annexed affidavit of Lawrence F. Morrison, Esq., sworn to on December 5, 2009; and the Court being satisfied that (i) the employment of MSF is necessary and in the best interests of the Debtors, its estate, creditors and equity holders, (ii) MSF does not have or represent any interest adverse to the Debtor or its estate, and (iii) MSF is a "disinterested person") as that term is defined in §101(14) of the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C.§§157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C.§157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §1409; and good and sufficient cause appearing for the relief sought by the Application; it is

**ORDERED**, that pursuant to §327(a) of the Bankruptcy Code, the Debtor is hereby authorized to retain MSF as counsel to the Debtor under a general retainer, nunc pro tunc to December 5, 2009; and it is further

**ORDERED**, that MSF shall be compensated in accordance with the procedure set for the in §§330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and the Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases, and any orders issued by the Court; and it is further

**ORDERED**, that the requirement pursuant to Local Bankruptcy Rule for the Southern District of New York 9013-1(b) that the Debtor file a memorandum of law in support of the Application is hereby waived.

Dated: New York, New York
　　　　December __ , 2009

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE

_____
No Objection
US Trustee

UNITED STATES BANKRUPCTY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IN RE:

It's a MishMash Creamery Inc.

DEBTOR
-----------------------------------------------------------

Affidavit of 3rd Party Payor

State of New York )

County of New York )

Aaron Tsamarot being duly sworn deposes and says:

1. I am the President of Simply Self Storage and Moving Inc.

2. I paid the debtors retainer of $5,000.oo from Simply Self Storage and Moving, Inc. (SSSMI)

3. SSSMI has no claim against the estate.

4. SSSMI will not seek repayment of this retainer from the estate.

5 I have been advised to seek separate counsel, but have declined to do so.

_____
Aaron Tsamarot

Sworn to before me this 5th

day of December 5 2009

_____
Lawrence Morrison
Notary Public
State of New York